**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CRUM & FORSTER SPECIALTY<br>INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: 4:25-cv-1738 |
| | ) | |
| JENNIFER and SEAN BRADSHAW,<br>ROBERT G. KUELKER, d/b/a<br>CADDY SHACK SALOON,<br>RICHARD KUELKER, d/b/a<br>CADDY SHACK SALOON,<br>RRK ENTERPRISES, INC. d/b/a<br>CADDY SHACK SALOON, | ) | |
| | ) | |
| and, | ) | |
| | ) | |
| **OLDENBURG, L.L.C.,** | ) | |
| <u>Serve:</u> | ) | |
| Mr. Robert G. Kuelker, Registered Agent | ) | |
| 4618 Oldenburg Ave | ) | |
| St. Louis, MO 63123 | ) | |
| | ) | |
| and, | ) | |
| | ) | |
| **LOUIS COOKE,** | ) | |
| <u>Serve:</u> | ) | |
| Louis Cooke | ) | |
| 2653 Cecelia Avenue | ) | |
| St. Louis, MO 63144 | ) | |
| | ) | |
| Defendants. | ) | |

**FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW Plaintiff, Crum & Forster Specialty Insurance Company, and for its

Complaint for Declaratory Judgment against Defendants Jennifer and Sean Bradshaw, Robert G.

Kuelker and Richard Kuelker, d/b/a Caddy Shack Saloon, RRK Enterprises, Inc. d/b/a Caddy

Shack Saloon, Oldenburg, L.L.C., and Louise Cooke, pursuant to 28 U.S.C. § 2201(a), alleges as follows:

## The Underlying Lawsuit

1.      Jennifer and Sean Bradshaw filed a lawsuit against Robert G. Kuelker and Richard Kuelker, d/b/a Caddy Shack Saloon, RRK Enterprises, Inc. and/or Oldenburg, L.L.C d/b/a Caddy Shack Saloon (collectively "Caddy Shack") in the Circuit Court of St. Louis County, Missouri, Case No. 25SL-CC10344 (the "Underlying Lawsuit"). A copy is attached as Exhibit A.

2.      The Bradshaws allege that on May 1, 2021, Caddy Shack served intoxicating liquor by the drink to a visibly intoxicated person who then got behind the wheel of his vehicle, drove at a high and excessive speed, crashed into the rear of a vehicle occupied by Sean and Jennifer Bradshaw, causing them each to sustain serious bodily injuries. *Exhibit A.*

3.      The Bradshaws allege Caddy Shack was negligent in failing to use ordinary care to a business visitor and negligent per se for the violation of § 537.053(2), RSMo. *Exhibit A.*

4.      The Bradshaws previously filed a separate lawsuit against driver Louis Cooke (St. Louis County Circuit Court Case No. 21SL-CC02896), which has recently been consolidated into the above-mentioned Underlying Lawsuit. *Exhibit C (Petition).*

## The Policy

5.      Plaintiff Crum & Forster Specialty Insurance Company ("CFSIC") issued a Commercial General Liability insurance policy to Defendants RRK Enterprises Inc. and Oldenburg, L.L.C., d/b/a Caddy Shack Saloon, with a policy period of July 14, 2020 to July 14, 2021 ("the Policy").  A copy is attached as Exhibit B.

6.      Under the Policy's Declarations, Caddy Shack is described as a "Restaurant – with sale of alcoholic beverages that are 75% or more of the total annual receipts of the restaurant –

2

without dance floor – with or without tables" located at 4679 Oldenburg Ave., St. Louis, Missouri 63123. *Exhibit B.*

7.    The Insuring Agreement contained in the Policy provides, in part:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.    Insuring Agreement**

**a.**   We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

\* \* \*

**b.**   This insurance applies to "bodily injury" and "property damage" only if:

**(1)**  The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

**(2)**  The "bodily injury" or "property damage" occurs during the policy period;

\* \* \*

*Exhibit B, Coverage Form CG 00 01 12 07.*

8.    Section V of the Policy includes the following definitions:

**SECTION V – DEFINITIONS**

\* \* \*

**2.**    "Auto" means:

**a.**   A land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment; or

**b.**   Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law in the state where it is licensed or principally garaged.

However, "auto" does not include "mobile equipment".

**3.**    "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\* \* \*

3

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

*Exhibit B, Coverage Form CG 00 01 12, pages 12-14 of 16.*

9.     The Policy includes a **Total Liquor Liability Exclusion Endorsement**, Form SB003-0615, which provides:

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY**

**TOTAL LIQUOR LIABILITY EXCLUSION**

This endorsement modifies insurance provided under the following:
**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

**SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions, c.** is deleted and replaced with the following:

This insurance does not apply to:

**c.  Liquor Liability**

"Bodily injury" or "property damage" for which any insured may be held liable by reason of:

**(1)** Causing or contributing to the intoxication of any person;
**(2)** The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or
**(3)** Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

**ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED**.

*Exhibit B, Coverage Form SB003-0615.*

10.     The Policy includes an **Absolute Auto, Aircraft and Watercraft Exclusion** endorsement, Form SB056-0615, that states:

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY**

**ABSOLUTE AUTO, AIRCRAFT AND WATERCRAFT EXCLUSION**

4

A.  **SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions**, paragraph **g.** is deleted and replaced with the following:

**g.  Aircraft, Auto Or Watercraft**

"Bodily injury" or "property damage" arising out of or resulting from the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft. Use includes operation and "loading or unloading".

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft.

\* \* \*

*Exhibit B, Coverage Form SB056-0615.*

### Jurisdiction and Venue

11.     The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy will reasonably exceed $75,000, exclusive of interest and costs, and is between citizens of different States.

12.     CFSIC is a Delaware corporation with a statutory home office in Delaware and a main administrative office in Morristown, New Jersey.

13.     Defendants Jennifer and Sean Bradshaw are individuals and citizens of Missouri.

14.     Defendants Robert G. Kuelker and Richard Kuelker are individuals and citizens of Missouri.

15.     At all relevant times herein, Defendant RRK Enterprises, Inc. was a Missouri citizen as it was incorporated in Missouri with its principal place of business in Missouri.

16.     At all relevant times herein, Defendant Oldenburg, L.L.C. was a Missouri citizen as its members are all Missouri citizens.

17.     Defendant Louis Cooke is an individual and citizen of Missouri.

5

18.     Thus, complete diversity exists as Plaintiff CFSIC is a citizen of Delaware and New Jersey, and all Defendants are citizens of Missouri.

19.     In the Underlying Lawsuit, the Bradshaws have alleged personal injuries, including paralysis to Jennifer Bradshaw, and seek damages exceeding $25,000. *Exhibit A.*

20.     Upon information and CFSIC's good faith belief, the potential costs of defense and indemnification of the Underlying Lawsuit, less any applicable deductible, will exceed $75,000.

21.     Venue is proper in this Court as the events giving rise to the claim occurred in St. Louis County, Missouri, and the Policy at issue was issued to RRK Enterprises, Inc. and Oldenburg, L.L.C. who were operating Caddy Shack Saloon, a bar/restaurant in St. Louis County, Missouri. 28 U.S.C. § 1391(b)(2). The basis of this action is a determination of coverage under the Policy issued to Caddy Shack for the restaurant located at 4679 Oldenburg Ave. in the County of St. Louis, Missouri.

**Request for Declaratory Judgment**

22.     CFSIC respectfully submits that it has no duty to defend or indemnify Caddy Shack or any party against the claims made by the Bradshaws in the Underlying Lawsuit.

23.     The incident alleged in the Underlying Lawsuit arises out of motor vehicle accident and allegations of dram shop liability against Caddy Shack. *Exhibit A.*

24.     The claims in the Underlying Lawsuit are excluded under the terms of Policy by the Total Liquor Liability endorsement which as set forth above, excludes coverage for the Bradshaws' claims against Caddy Shack because they constitute "bodily injury" that arose out of "causing or contributing to the intoxication of any person, the furnishing of alcoholic beverages

6

to a person under the influence of alcohol, and/or a statute relating to the sale, gift, distribution or use of alcoholic beverages."

26. Additionally, or in the alternative, the claims in the Underlying Lawsuit are excluded under the Policy by the Absolute Auto, Aircraft and Watercraft Exclusion endorsement, because they constitute "bodily injury" that arose out of or resulted from the use of an "auto."

26. A comparison of the claims and allegations made against Caddy Shack with the coverage provisions, definitions, and exclusions set forth in the Policy demonstrate that CFSIC has neither the duty to defend nor the duty to indemnify Caddy Shack for the claims brought against Caddy Shack in the Underlying Lawsuit.

27. There is a real and present controversy with respect to whether CFSIC is obligated to defend Caddy Shack in the Underlying Lawsuit and whether the Policy issued by CFSIC to Caddy Shack provides coverage for any of the claims against it in the Underlying Lawsuit.  Thus, CFSIC respectfully requests that this Court determine the rights and obligations, if any, of CFSIC, Caddy Shack, the Bradshaws, and all parties as detailed herein, in an expeditious manner, given the pendency of the Underlying Lawsuit.

WHEREFORE, Plaintiff CFSIC respectfully request this Court enter a Final Declaratory Judgment finding that there is no duty to defend Robert G. Kuelker or Richard Kuelker, d/b/a Caddy Shack Saloon, RRK Enterprises, Inc. or Oldenburg, L.L.C., d/b/a Caddy Shack Saloon, or any party named herein, from the claims filed against them in the Underlying Lawsuit, and that there is no coverage owed under the Policy for the claims filed on behalf of Sean and Jennifer Bradshaw.

Respectfully Submitted,

GALLOWAY, JOHNSON, TOMPKINS
BURR & SMITH, P.C.

 */s/  Carolyn J. Geoghegan*

_____

Stephen J. Moore, #58100(MO)
Carolyn J. Geoghegan #49865(MO)
222 S. Central Avenue, Ste. 1110
St. Louis, Missouri 63105
Telephone: (314) 725-0525
Facsimile:  (314) 725-7150
smoore@gallowaylawfirm.com
cgeoghegan@gallowaylawfirm.com
*Attorneys for Plaintiff*

### Certificate of Service

I hereby certify that a true copy of the foregoing was served by electronic notice on all parties on: May 14, 2026.

 */s/  Carolyn J. Geoghegan*

_____

8