UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CRUM & FORSTER SPECIALTY INSURANCE COMPANY, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 4:25-cv-01738-CMS |
| JENNIFER BRADSHAW, et al., | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff Crum & Forster Specialty Insurance Company's Motion for Summary Judgment. (Doc. 37). The time for Defendants to respond has elapsed, and the Court will take up Plaintiff's Motion. *See* E.D. Mo. L.R. 4.01(B). For the reasons stated herein, the Court grants summary judgment in favor of Plaintiff and against Defendants.

## BACKGROUND

### I. Factual Background

The uncontroverted facts are that, on April 10, 2026, Defendants Jennifer and Sean Bradshaw filed their First Amended Petition against Defendants Robert Kuelker, Richard Kuelker, RRK Enterprises Inc., and Oldenburg LLC d/b/a Caddy Shack Saloon (collectively, "Caddy Shack") in the Circuit Court of St. Louis County, Missouri. (Doc. 39 ¶ 1). The Bradshaws allege that "Caddy Shack's bartender knowingly served intoxicating liquor to patron Louis Cooke when he was visibly intoxicated, in violation of" Mo. Rev. Stat. § 537.053(2), Missouri's dram shop act. *Id.* ¶ 2. "The Bradshaws allege that Mr. Cooke thereafter drove his vehicle at a high rate of speed, and crashed into the rear of a vehicle occupied by the Bradshaws, causing them each to sustain serious bodily injuries." *Id.* ¶ 3. The Bradshaws also filed a separate lawsuit against Mr. Cooke,

which was consolidated into the current action. *Id.* ¶ 4. "The Bradshaws assert no claims against Caddy Shack other than negligence-based claims arising out of the alleged service of alcohol to a visibly intoxicated patron." *Id.* ¶ 6.

Plaintiff Crum & Forster Specialty Insurance Company "issued a Commercial General Liability Policy to Caddy Shack . . . with effective dates of July 14, 2020[,] to July 14, 2021" (the "Policy"). *Id.* ¶ 7. Thus, the "Policy was in effect on the date of the alleged accident . . . ." *Id.* ¶ 8. As relevant here, the Policy includes two endorsements: A "Total Liquor Liability Exclusion . . . and an Absolute Auto, Aircraft and Watercraft Exclusion . . . ." *Id.* ¶ 12. The Total Liquor Liability Exclusion states that coverage does not apply to:

> "Bodily injury" or "property damage" for which any insured may be held liable by reason of:
>
> **(1)** Causing or contributing to the intoxication of any person;
> **(2)** The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or
> **(3)** Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

*Id.* ¶ 13. The Absolute Auto, Aircraft and Water Exclusion excludes from coverage:

> "Bodily injury" or "property damage" arising out of or resulting from the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft.

*Id.* ¶ 14.

## II. Procedural Background

On May 14, 2026, Plaintiff filed its Amended Complaint against Defendants Jennifer and Sean Bradshaw, Robert G. Kuelker d/b/a Caddy Shack Saloon, Richard Kuelker d/b/a Caddy Shack Saloon, RRK Enterprises, Inc. d/b/a Caddy Shack Saloon, Oldenburg, L.L.C., and Louis Cooke. The Amended Complaint seeks a declaratory judgment that "there is no duty to defend" the insured defendants "from the claims filed against them in the Underlying Lawsuit, and that

there is no coverage owed under the Policy for the Claims filed on behalf of" the Bradshaws. (Doc. 31 at 7).

On May 21, 2026, Defendant Richard Kuelker filed his Answer. (Doc. 33). No other Defendants have answered or otherwise responded to Plaintiff's Amended Complaint.

On October 15, 2026, Plaintiff filed its Motion for Summary Judgment, Memorandum in Support, and Statement of Material Facts. (Docs. 37, 38, 39). Plaintiff argues that summary judgment should be granted in its favor because the "alleged liability [of the insured Defendants] arises solely from the alleged sale or service of alcohol," for which the Policy does not provide coverage. (Doc. 38 at 5). None of the Defendants has responded to Plaintiff's Motion for Summary Judgment.

**LEGAL STANDARD**

"[S]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). A party moving for summary judgment bears the burden of demonstrating that no genuine issue exists as to any material fact. *Id.* at 323. A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "The moving party can satisfy its burden in either of two ways: it can produce evidence negating an essential element of the nonmoving party's case, or it can show that the nonmoving party does not have enough evidence of an essential element of its claim to carry its ultimate burden of persuasion

at trial." *Bedford v. Doe*, 880 F.3d 993, 996 (8th Cir. 2018) (citing *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1106 (9th Cir. 2000)).

When the moving party meets this burden, "the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Liberty Lobby, Inc.*, 477 U.S. at 250 (quoting Fed. R. Civ. P. 56(e)). The "party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 256 (quoting Fed. R. Civ. P. 56(e)).

Defendants' failure to respond to Plaintiff's Statement of Material Facts means that all of Plaintiff's uncontroverted material facts supported by the record are deemed admitted. *See Jones v. United Parcel Service, Inc.*, 461 F.3d 982, 991 (8th Cir. 2006).

**DISCUSSION**

**a. Declaratory Judgment**

Federal courts have discretion to decide whether to exercise jurisdiction over a declaratory judgment claim that otherwise satisfies federal subject matter jurisdiction and has pending parallel state court proceedings. *See Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995). That discretion is "limited when no parallel proceedings are pending in state court, because there are less-pressing interests of practicality and wise judicial administration." *Scottsdale Ins. Co. v. Detco Indus., Inc.*, 426 F.3d 994, 999 (8th Cir. 2005). "Suits are parallel if 'substantially the same parties litigate substantially the same issues in different forums.'" *Id.* at 997 (citing *New Beckley Mining Corp. v. Int'l Union, United Mine Workers of Am.*, 946 F.2d 1072, 1073 (4th Cir. 1991)). The Eighth Circuit has adopted the Fourth Circuit's "six-factor test" to determine "whether to exercise jurisdiction over a declaratory judgment action." *Id.* The six factors are:

> (1) whether the declaratory judgment sought will serve a useful purpose in clarifying and settling the legal relations in issue; (2) whether the declaratory

> judgment will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the federal proceeding; (3) the strength of the state's interest in having the issues raised in the federal declaratory judgment action decided in the state courts; (4) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending; (5) whether permitting the federal action to go forward would result in unnecessary entanglement between the federal and state court systems, because of the presence of overlapping issues of fact or law; and (6) whether the declaratory judgment action is being used merely as a device for procedural fencing—that is, to provide another forum in a race for res judicata or to achieve a federal hearing in a case otherwise not removable.

*Id.* at 998 (citing *Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co.*, 139 F.3d 419, 422 (4th Cir. 1998)) (internal quotations omitted).

The current case does not have a parallel suit in state court. Plaintiff "is not a party to the suits pending in state court . . ." and "the state court action[]" does not "involve 'substantially the same issues' as the federal declaratory judgment action." *Id.* at 997. Thus, the Court must apply the six-factor test. *Id.*

Applying the six-factor test, the Court determines it must exercise jurisdiction. "The first and second factors weigh in favor of deciding the declaratory judgment action. The declaratory judgment would 'clarify and settle' the legal relations at issue and would afford relief from the 'uncertainty, insecurity, and controversy'" between the parties. *See id.* at 999. "The third and fourth factors similarly" weigh in favor of deciding the action. *Id.* "The record does not identify any particular state interest in having the issues raised in the federal declaratory judgment action decided in state court," and there is no pending parallel state court proceeding. *Id.* The fifth factor also weighs in favor of deciding the declaratory judgment action. "Any common issues do not hinge on the same questions of law—the state action sounds in tort and the federal action in contract. Any overlapping issues of fact are insignificant." *Id.* Finally, regarding the sixth factor, the underlying state court action would otherwise be removable based on diversity jurisdiction if

Plaintiff were added, and the Court finds a "race for res judicata" is not of concern. *Id.* Thus, the Court will decide this declaratory judgment action.

**b. Summary Judgment**

In its Memorandum in Support, which is unopposed by Defendants, Plaintiff argues there is no genuine issue of material fact as to its contractual right not to provide coverage for liquor liability or automotive liability. (Doc. 38). When Missouri courts, whose law applies here, interpret "the language of an insurance contract, courts give the language its plain meaning." *Mitzan v. W. Heritage Ins. Co.*, 623 F. Supp. 2d 993, 996 (E.D. Mo. 2009) (citing *Farmland Indus., Inc. v. Republic Ins. Co.*, 941 S.W.2d 505, 508 (Mo. 1997)). "[I]nsurance policies are to be construed in favor of the insured" and "[p]olicy exceptions and limitations are strictly construed against the insurer." *Standard Artificial Limb, Inc. v. Allianz Ins. Co.*, 895 S.W.2d 205, 209 (Mo. Ct. App. 1995). Additionally, "[l]iquor liability exclusions are standard in the insurance industry." *Mitzan*, 623 F. Supp. at 997.

Plaintiff's Statement of Material Facts and attached exhibits, also unopposed by Defendants, support Plaintiff's assertions that it is not contractually obligated to provide coverage for the underlying alleged torts. The Policy explicitly excludes from coverage "bodily injury" and "property damage" caused by the contribution "to the intoxication of any person," the "furnishing of alcoholic beverages to a person . . . under the influence of alcohol," or "[a]ny statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages." (Doc. 39 ¶ 13). This is precisely the conduct alleged in the underlying state law action. *See* (Doc. 39-1). Because

the claims arise solely from conduct expressly excluded by the Policy, the Court finds no genuine issue of material fact and will grant summary judgment in favor of Plaintiff.[1]

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. 37) is **GRANTED**.

**IT IS FINALLY ORDERED** that judgment is entered in favor of Plaintiff Crum & Forster Specialty Insurance Company and against all Defendants.

The Clerk of Court is directed to close this case.

So ordered this 13th day of November 2026.

CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE

[1] Because the conduct is explicitly and unambiguously excluded from the Policy pursuant to these exclusions, the Court need not address Plaintiff's secondary automobile exclusion argument.